The opinion of the court was delivered by
DeBlanc, J.
In February, 1878, Auge obtained a judgment against Yariol, and is now proceeding against Lafon — as garnishee — to compel him to deliver to the sheriff, as belonging to Yariol and subject to his judgment, certain effects which Lafon acknowledges to be in his possession, but which he claims to hold under an act of pledge. That act — which is written in the French language — stipulates that “whereas Yariol — up to this date — has been unable to pay the one thousand dollars referred to in an instrument under private signature, of the 21st of December, 1874, Lafon consents to receive, as a guarantee for the payment of that sum, in ninety days from this date, a lot of hair, at cost price, equal in value to said sum.”
“ With the privilege to Lafon- -if said sum of one thousand dollars be not paid in the ninety days— to sell said lot of hair, if he thinks proper todo so, without legal process, at public or private sale, and for the price jt may bring.”
Augé’s counsel contend that possession is of the essence of a' contract of pledge, and that in such a contract, and as regards a corporeal movable, the fact of that possession must be made to appear by the written instrument, and that if it does not so appear, the contract is null and void as to third persons.
“ The pawn invests the creditor with the right of causing his debt to be satisfied by privilege and in preference to the other creditors of the debtor, out of the proceeds of the movable, corporeal or incorporeal, which has been thus burdened.”
C. C. 3107 (3124).
“But this privilege shall take place against third parties, only in case the pawn is proved by act,made either in a public form or under private signature ; provided such an act has been recorded in the manner required by law ; provided also that, whatever may be the form of the act, it mentions the amount of the debt, as well as the species or nature of the thing given in pledge.”
C. C. 3158 (3125).
*867 As to the pledge of movable property, it may be made by private writing, accompanied by actual delivery.
C. 0. 3158 (3125).
The act of pledge relied upon by the garnishee, is — in form — that required by the Code. It expressly mentions the amount of the debt, and the nature of the thing given in pledge; but it does not, in so many words, recite that the thing pledged was delivered to the creditor, and that recital — it is contended — was indispensable to the validity of the contract. The Code merely provides, as to the delivery, that it must accompany the private writing.
There is no doubt that the privilege resulting from the pawn can subsist but when the creditor has been actually put and has remained in possession of the thing pledged — but, here, what is the evidence elicited toy one of the interrogatories propounded by Auge to the garnishee? It is that — since the 9th of January, 1875, the lot of hair has been placed in lais hands by Variol, and as a pledge, to secure the payment of a claim on which there now remains due, according to said evidence, a balance of at least five hundred and sixty-five dollars.
The rule taken against Lafon is based on that confession, on his ■acknowledgment that ho has in his possession, and holds in pledge, the merchandise which Augú socks to subject to his judgment; and were it essential — which wc do not concede — Coat the written instrument attest, ing the pledge of a movable, should contain an express mention of its delivery — that confession, elicited by Auge himself, from which springs •and on which alone ho has based his action against the garnishee, and which he cannot either divide or curtail, would have supplied the omitted ■mention.
The words “ I conic,id to receive ” could have been used but in answer to a previous proi ositi.m, and tHoy do express an acceptance of that proposition, which — whatever may have boon the terms employed to convey and accept it — was reduced to writing, and accompanied by an actual delivery. That writing contains every one of the mentions required by the Godo, and evidences a. valid pledge, made in good faith and to secure an honest claim.
Teulet and d’Anvillors hold that, as against third parties, a pledge cannot be established by testimonial proof, alors ineme pue le créancier ■rapporlcrait un commencement de preuve, par ecrit; but — evidently— they did not refer to such an act an that now before us, and which — though ánartiñcially drawn — mentions the amount of the debt, describes the thing given in pledge, and— moreover--empowers the creditor to sell it for ••any price, at public or private sale — nor did they refer, as relates to the ■delivery and possess! m of the thing pledged, to testimonial proof elic_ *868 ited, and judicial admissions made by the very party assailing the validity of the contract.
It is clear — however—that the pledgee’s privilege is not such as to-prevent the other creditors of the pledger from seizing the effect securing the former’s claim. He could have sold at public or private sale, but he did not sell; and — as said by this court — cannot be allowed to hold, to the exclusion and detriment of the others, that which, it may be, is worth more than the money he has lent on it. “ Were it otherwise, the creditor in possession would become, by his own wrong, the proprietor of the pledge — and that in violation of the law which prohibits him from acquiring by such means, and expressly declares that the pledge is given to secure the satisfaction of a debt.”
C. C. 3133 (3100); 3157 (3124); 2 N. S. 22 ; 1 N. S. 417; 13 L. 341.
In answer to one of the interrogatories propounded to him, Lafonsaid that the balance due him by Variol was, then, five hundred and sixty five dollars '; and — on the trial — that it was that amount, and more for interest, and also that Variol’s indebtedness to him was represented by two notes, which were offered in evidence, but have not been copied in the transcript.
Besides, Lafon himself has shown that — by an agreement of the 4th of November, 1876, he was to receive, on account of Variol’s indebtedness, the proceeds of an intended sale of certain fixtures which, at that time, were in the store he had leased to the latter — some of which were sold, and some left to answer for said indebtedness. We are not-informed whether he received the price, or any part of the price of those which were disposed of, and what became of those which were left; and— in as much as the evidence does not establish the precise balance due to Lafon by Variol, this cause must be remanded.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from is amended — and, accordingly, that the merchandise and' wares therein mentioned be delivered to and sold — as the law directs— by the Oivil Sheriff of the parish of Orleans, under the writ issued on Augó’s judgment against Variol; and that, out of the proceeds of the-sale which he is thus directed to make, said sheriff pay to T. Lafon, by. preference — whatever may be found to be due to him — the said Lafon— as pledgee, on the claim secured by the contractentered into between him and Variol, on the 9th January, 1875; and that — after payment of the pledgee’s claim — the balance, if any, be applied to the satisfaction of the aforesaid writ; the costs of the appeal to be paid by Auge, those of the garnishment by Lafon.
'It is lastly ordered that this case be remanded to the lower court, for the purpose of ascertaining the amount due to Lafon, under the contract of pledge.