NO. 8330

COURT OF APPEAL

PARISH OF ORLEANS.

—

BLAZ ANTICICH

versus

JOHN MICHALFEVICH.

8330

Court of Appeal
PARISH OF ORLEANS
FILED Nov 13/22
H.J.Stansbury

8330

719

Dinkelspiel; J.

In a suit between plaintiff and defendant, who were partners in trade prior to the institution of the suit for the appointment of a receiver and liquidation of its affairs, and when a written agreement was entered into dissolving the co-partnership in question and defendant agreeing to pay plaintiff the sum of One Thousand Dollars, and they were to collect outstanding/debts due them of some eight thousand dollars, each one to do the collecting of accounts in the course of the litigation for the appointment of a receiver; and subsequent thereto there was filed by plaintiff, proceedings praying for a writ of attachment against the property of the defendant, demanding the sum of One Thousand Dollars, and alleging: "That the defendant is has mortgaged, assigned or disposed of or is about to mortgage, assign or dispose of his property rights or credits or some part thereof, with intent to defraud his creditors or give an unfair preference to some of them, and that he has converted or is about to/convert this property into money or evidences of it, with the intent to place it beyond the reach of his creditors, and that writs of attachment are necessary to protect petitioner in the premises."

The affidavit necessary for the issuance of the writ together with the bond required by law having been given, the court ordered that the writ of attachment issue, and that plaintiff's property or a part thereof be seized by the Civil Sheriff and held by him awaiting the further actions of the court.

Subsequently a motion was made by the attorney of the defendant in this suit, alleging that the writ of attachment against the defendant and the affidavit were false and untrue. Alleging further that suit had already been brought by plaintiff against defendant for the recovery of the amount

721

due, if any, on the same contract therein sued upon, which is Lis Pendens, and now pending before this court for decision; alleging further that in the suit now pending before this court between the same parties praying for the liquidation of the firm and asking that a receiver be appointed, to take charge of the business and assets, that the receiver alone was authorized to institute the suit. Alleging further that a portion of the property herein seized consisting of shucking shed , shell pile, boxes and carriers, and the building, all located on the bank of the canal belonging to the Louisiana Navigation and Company was sold by mover in good faith on the 18th day of April 1918, to one John Gace, who immediately took possession of same; therefore the true owner and in possession. Finally praying that the writ of attachment issued in this matter be dissolved, reserving his rights for damages.

The only question before this Court is on the rule to dissolve the attachment, and we are not concerned with the merits of the case at all.

Plaintiff in our opinion being the acknowledged creditor of the defendant in the sum of One thousand dollars, under a written agreement undisputed in this case, had a perfect legal right to collect this sum, but whether or not he had the right to the writ of attachment in order to collect this money is the only matter we are now concerned with. It would serve no useful purpose to quote at length any portion of the evidence found in this record, most of it goes into the merits of this controversy, to which at this time and under this rule we have no right to enter.

As in all cases of this character the evidence is more or less contradictory, but an attachment is a harsh proceeding and one where plaintiff in the attachment suit must make the facts clear, showing his right thereto and if he fails in this, the attachment

Necessarily must be dissolved.

The authorities are numerous and are summarized in the 1st La. Digest Annotated, page 702, commencing with Lacy vs. Kenly 3rd La. 16.

1st National Bank of Natchez vs. Moss, 41 La. 327.

It has also been held:

"The intent to defraud is the essential ingredient to maintain a writ of attachment."

Abney vs. Whitted, 28 La. 818.

Auge vs. Variod, 31 La. 865.

Steinhardt vs. Lemann 41 La. 835.

"An attachment based upon C. P. Nos. 4 and 5, Article 240, cannot be maintained without satisfactory proof of some act showing the fraudulent intent of defendant to place property beyond the reach of his creditors or give an unfair preference to some of them. The daily selling of his goods in the usual course of his business by a paint dealer is not such an act, although he be financially embarrassed."

Lehman vs. McFarland, 35 Ann. 636.

Standard Cotton Seed Oil Co. vs. Matheson, 48 Ann. 1358.

Proof that the debtor is offering his property for sale in order to realize funds for the payment of all his debts and liabilities, accompanied by a declaration of such purpose to the attaching creditor, himself, will not justify an attachment.

Poitevent Lumber Co. vs. Standard Planing Mills, 49 Ann. 79.

When the proof does not disclose an intention on the part of the defendant either to defraud their creditors or to give an unfair preference to some of them, the Judge of the District Court is authorized to dissolve the attachment.

Palmer vs. Hightower, 47 Ann. 17.

We are convinced        from the testimony that the

723

defendant did not sell all of his property, but that he had other property, more than sufficient to satisfy the claims of plaintiff and all his other creditors.

For the reasons assigned the judgment of the Court acquo ix dissolving the writ of attachment in this case, is maintained, and affirmed, and it is now ordered that the rule dissolving the writ was properly /~~maintained~~ decided costs of this rule to be paid by the plaintiff and appellant.

—Judgment affirmed—